IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ronda Baker, | ) | C.A. No.: 2:16-cv-00839-HMH-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Facility Director, Alston Wilkes Society, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner brought this action seeking relief pursuant to Title 28, United States Code, Section 2241. On March 17, 2016, the undersigned issued an Order providing, *inter alia*,

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

(Dkt. No. 3 at 2 of 3.)

On April 14, 2016, Respondent filed a Motion for Summary Judgment. (Dkt. No. 12.) By Order of this Court filed April 14, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if she failed to respond adequately. (Dkt. No. 13.) Despite the explanation in the *Roseboro* Order, the Petitioner did not respond.

As the Petitioner is proceeding *pro se*, the Court filed an Order on June 2, 2016, giving the Petitioner through June 22, 2016, to file her response to the Motion for Summary Judgment. (Dkt.

1

No. 19.) The Petitioner was specifically advised that if she failed to respond, this action would be dismissed with prejudice for failure to prosecute. The Petitioner did not respond.

Furthermore, it appears that Petitioner failed to comply with the Court's Order dated March 17, 2016, as recent items mailed by the Clerk to Petitioner's address of record have been returned as undeliverable. (*See* Dkt. No. 17; Dkt. No. 18; Dkt. No. 21.) Petitioner failed to provide the Clerk of Court with a proper address.

Based on the foregoing, it appears the Petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 1, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).